UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN FEASTER, ET AL           CIVIL ACTION NO. 07-0879

versus                       JUDGE HICKS

GREY WOLF DRILLING CO.       MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

John and Demetria Feaster, Louisiana citizens, filed this diversity complaint in federal court against Grey Wolf Drilling Company, which they alleged in the complaint is incorporated in Texas and has its principal place of business in Texas. Those allegations established diversity of citizenship between those parties, but the answer was filed by "Grey Wolf Drilling Company LP." That entity appears to be a limited partnership, and if it is the correct defendant, additional information is needed to determine its citizenship.

The Supreme Court held in Carden v. Arkoma Associates, 110 S.Ct. 1015 (1990) that diversity of citizenship when a limited partnership is a party must consider the citizenship of each partner, both limited and general. Neither the state of organization nor principal place of business is relevant. The Carden rule applies to a Louisiana partnership in commendam. Whalen v. Carter, 954 F.2d 1087, 1094 (5th Cir. 1994); Newport Limited v. Sears, Roebuck and Co., 941 F.2d 307 (5th Cir. 1991). If partners are themselves partnerships, LLC's or other form of association, the citizenship must be traced through however many layers of members or partners there may be, and failure to do so can result in dismissal for want of jurisdiction. See, e.g., Meyerson v. Harrah's East Chicago Casino, 299 F.3d 616 (7th

Cir.2002) and <u>Hicklin Engineering, LLC v. Bartell</u>, 439 F.3d 346 (7th Cir.2006) (court "needs to know each member's citizenship, and if necessary each member's members' citizenships").

It is the Plaintiff's burden to establish jurisdiction in this case, but the information needed is more readily available to Grey Wolf.  Accordingly, Grey Wolf is **ordered to file an amended answer by November 16, 2007** that sets forth with specificity the identity of its partners and their citizenship, through all necessary layers.

A complaint in intervention has been filed by Travelers Property Casualty Company of America, asserting a right to subrogation based on workers' compensation benefits paid to Mr. Feaster in connection with the accident.  The complaint in intervention requires diversity between the intervenor and the defendant. <u>Dushane v. Gallagher Kaiser Corp.</u>, 2005 WL 1959151 (W.D. La. 2005).  Accordingly, the citizenship of the relevant parties must be set forth affirmatively and distinctly. <u>Guillory v. PPG Industries, Inc.</u>, 2006 WL 861011, n. 3 (W.D. La. 2006).  Travelers alleges only that it is a foreign insurer, which is inadequate to establish its citizenship.

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).  In order to adequately establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business.  "Where the plaintiff fails to state the place of incorporation or the principal place of business of a

corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).  The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988).  Travelers will be allowed until **November 16, 2007** to file an amended complaint in intervention, seeking leave as required by Rule 15 if an answer has by then been served, to state with particularity its state of incorporation and principal place of business (assuming it is a corporation) or to otherwise state with specificity its citizenship.  Failure to comply with this requirement may result in dismissal without prejudice of the complaint in intervention or even the entire civil action.  See Dushane.

The court will review the pleadings after the deadline to determine whether there is a basis to exercise diversity jurisdiction.  If the pleadings are satisfactory, a scheduling conference will be set in due course.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of October, 2007.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE